### SCHMIDT et al. v. STECKER.

1. Where an exception goes generally to the whole charge which contains distinct propositions, and there is one proposition in the charge that is sound, the exception will not avail.

2. The fact of an alleged alteration of the bond upon which this action was founded having been fairly submitted to the jury, they being the judges of the credibility of the several witnesses, this court will not set aside the verdict.

*Appeal from District Court of Arapahoe County.*

STECKER, the appellee, obtained a decree in the district court, in December, 1874, for the sum of $1,014 $\frac{42}{100}$ against Schmidt, one of the appellants. Schmidt appealed to the supreme court, giving bond in $2,000 with Rohlfing and Mahr as sureties. Failing to comply with the conditions of the bond, Stecker commenced his action of debt on the bond at the April term, 1876, of the district court of Arapahoe county. The cause was tried at the September term, 1876, resulting in a verdict for the plaintiff, upon which judgment was rendered in his favor for $1,354.07. To reverse this judgment, Schmidt, Rohlfing and Mahr appeal to this court.

Upon the trial in the court below, the defendants introduced evidence to show that an alteration had been made

VOL. III — 35

in the bond in a material particular after the same had been executed, which was controverted by the plaintiff successfully before the jury. In this court, the appellants urge that the verdict was against the evidence, and also assign error upon the instructions given to the jury, to which they excepted generally and which was as follows:

"In case you find for the plaintiff, he is entitled to recover the amount of the decree................$1,014 44
Interest on the same since February 2, 1875...... 162 93
Cost in district court...... ..................... 228 20
Less amount which the evidence satisfies you the
defendants or either of them have paid damages
awarded in the supreme court................. 150 00
Interest on that sum from Feb. 19, 1876.......... 7 60
Costs in the supreme court..................... 17 10

And find the amount of all these items as the damages which the plaintiff is entitled to recover."

Messrs. BROWNE & PUTNAM, for appellant.

Mr. SAM. P. ROSE, for appellee.

WELLS, J. The court below instructed the jury that if they should find for the plaintiff, they would allow a specified sum as damages for the breach of the bond. In another part of the charge the several items constituting these damages were set forth. Inasmuch as, upon this point, there is no conflict in the evidence, and the amount finally awarded does not appear to exceed the just measure of the plaintiff's damages, we probably ought not to reverse the judgment upon this ground. But the plaintiff in error having excepted generally to the whole of the charge, is not in position to assign error upon any part of it. *Webber* v. *Emmerson*, decided at this term (*ante*, p. 248).

The question as to the alleged alteration in the bond was fairly submitted to the jury. Whether they have properly resolved it depends altogether upon the credit to be given

to the several witnesses, and upon this, we see no reason to overrule the conclusions of the jury.

Judgment affirmed with costs.          *Affirmed.*